IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DANTE MARQUEZ BROOKS, ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:22CV635 |
| v. ) | 1:19CR582-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Dante Marquez Brooks, a federal prisoner, brings a Motion [Doc. #22] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner was indicted in case 1:18CR491-1 on charges of possession with intent distribute heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), possession with intent distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), and one count of possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). Petitioner reached a plea agreement with the Government, pled guilty to only the felon in possession of a firearm charge, and was scheduled for sentencing. However, the decision of the United States Supreme Court in <u>Rehaif v. United States</u>, 588 U.S. 225 (2019), called the conviction into question. Rather than force the Government to restart the case with a new indictment, Petitioner agreed to plead guilty to an Information [Doc. #1] in the present case charging him only with being a felon in possession of a firearm in violation of 18 U.S.C.

§ 922(g)(1) and § 924(e)(1). He pled guilty to the information and later received a sentence of 180 months of imprisonment based on his status as an Armed Career Criminal under 18 U.S.C. § 924(e)(1). His status as an Armed Career Criminal was established by three prior state court convictions for breaking and/or entering. (Presentence Report [1:18CR491-1, Doc. #22] ¶ 21].)

Petitioner did not file a timely appeal. However, he did later submit a Motion [Doc. #9] under § 2255 supported by an affidavit from his attorney, who agreed that Petitioner instructed him to file an appeal, but that he neglected to do so. This resulted in a granting of the prior Motion under § 2255, the entry of an Amended Judgment [Doc. #12], and the filing of a direct appeal by Petitioner. The United States Court of Appeals for the Fourth Circuit later dismissed that appeal on the basis of a waiver of appeal rights contained in Petitioner's Plea Agreement [Doc. #5]. United States v. Brooks, 857 F. App'x 159, 160-61 (4th Cir. 2021). Petitioner then filed his present Motion under § 2255. Respondent filed a Response [Doc. #32]. Despite receiving an extension of time to do so, Petitioner did not file a Reply. Petitioner's current § 2255 Motion is now before the Court for a ruling.

## Petitioner's Claims

Petitioner sets out four similar or related claims in his Motion, all of which allege ineffective assistance of counsel. In the first claim, Petitioner states that he told counsel from the beginning of his case that he would not concede to being an Armed Career Criminal and that he would instead go to trial. According to the Motion, counsel informed Petitioner that Petitioner could plead guilty and still challenge that Armed Career Criminal designation at sentencing and on appeal. Petitioner's second claim alleges that counsel failed to advise him

2

that breaking or entering in North Carolina does not require "entry," "thus resulting in NC breaking or entering being broader than generic burglary and precluding it as a predicate offense" for the Armed Career Criminal Act (ACCA). (Motion [Doc. #22] at 5.) Third, Petitioner contends that counsel incorrectly advised him that if he pled guilty with the waiver provision in his Plea Agreement, he could still challenge the ACCA enhancement on appeal. Petitioner states that if he had known this was not true, he would have proceeded to trial instead of pleading guilty. Finally, Petitioner's fourth claim asserts that counsel erroneously informed him that if he received more than ten years of imprisonment, he could still appeal because this would exceed the statutory maximum. He again states that he would have proceeded to trial if he had known that this was incorrect.

Discussion

Respondent's initial argument is that Petitioner entered into a waiver contained in his Plea Agreement [Doc. #5] that bars most claims on direct appeal and on collateral review in a motion under § 2255 and that the Court should enforce the waiver to the extent the waiver provision does not allow Petitioner's claims. That waiver reads:

> It is further agreed by and between the United States and the defendant, DANTE MARQUEZ BROOKS, that in exchange for the Government's agreement not to bring additional charges related to the instant offense, the defendant expressly waives the right to appeal the conviction and whatever sentence is imposed on any ground, including any appeal right conferred by Title 18, United States Code, Section 3742(a), and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under Title 28, United States Code Section 2255, excepting the defendant's right to appeal or collaterally attack based upon grounds of (1) ineffective assistance of counsel, (2) prosecutorial misconduct not known to the defendant at the time of the defendant's guilty plea, (3) a sentence in excess of the statutory maximum, and (4) a sentence based on an unconstitutional factor, such as race, religion, national origin or gender.

3

(Plea Agreement ¶ 6(e).) The Court will enforce such a waiver "if it is valid and the issue appealed [or raised in a collateral proceeding] is within the scope of the waiver. A waiver must be knowing and voluntary. In the absence of extraordinary circumstances, a properly conducted Rule 11 colloquy establishes the validity of the waiver." United States v. Adams, 814 F.3d 178, 182 (4th Cir. 2016) (internal citations omitted). As stated above, on direct appeal the Fourth Circuit enforced the waiver and dismissed the appeal. Petitioner puts forth no argument that the waiver is not enforceable in this proceeding as well. However, most of Petitioner's claims appear to be based on allegations of ineffective assistance of counsel and, therefore, fall outside the waiver provision. As such, the Court should enforce the waiver to the extent Petitioner's claims are not based on ineffective assistance of counsel, but the claims of ineffective assistance are outside the waiver provision and will be considered below.

In order to prove ineffective assistance of counsel generally, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by that performance. See Strickland v. Washington, 466 U.S. 668 (1984). With respect to the performance prong of Strickland, a petitioner bears the burden of affirmatively showing deficient performance, that is, that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). With respect to the prejudice prong of Strickland, to show prejudice the petitioner must establish "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (internal quotation omitted). To show prejudice when challenging a guilty plea based on an allegation of ineffective assistance, a petitioner must establish that

4

there is a reasonable probability that, but for counsel's allegedly deficient conduct, he would not have pled guilty, but would have gone to trial. Hill v. Lockhart, 474 U.S. 52 (1985). In evaluating such a claim, the Court may consider whether "a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010) (citing Roe v. Flores-Ortega, 528 U.S. 470, 480, 486 (2000)).

Petitioner's first claim, third claim, and fourth claim for relief all allege in various ways that Petitioner's attorney advised him that if he pled guilty, even with the plea waiver set out above, he would still be able to contest the application of the ACCA enhancement at sentencing and/or on direct appeal. Petitioner maintains that, had he known that he could not fully contest that enhancement, he would have proceeded to trial instead.

Petitioner's attorney was correct in advising him that he could contest the enhancement at sentencing. In fact, counsel did object to the enhancement at sentencing, but lost on his argument because the Fourth Circuit precedent in United States v. Mungro, 754 F.3d 267 (4th Cir. 2014), foreclosed the argument that North Carolina breaking and/or entering convictions were broader than generic burglary. (Sentencing Tr. [Doc. #17] at 21-24].) Under Mungro, Petitioner's breaking and/or entering convictions were properly counted for purposes of the enhancement, and Petitioner was therefore sentenced as an Armed Career Criminal. As to Petitioner's ability to contest the enhancement on appeal, Petitioner's attorney filed an Affidavit [Doc. #38] in which he states that he recalls speaking with counsel for the Government at some point and coming away with the understanding that Petitioner's plea waiver did not bar his ability to contest the Armed Career Criminal enhancement on direct appeal. (Atty Aff., ¶ 21.) Petitioner did ultimately appeal, and on appeal, the Fourth Circuit

5

noted that Mungro had recently been reaffirmed in United States v. Dodge, 963 F.3d 379, 382-83 (4th Cir. 2020), confirming "that defendant's North Carolina convictions for breaking and/or entering constituted predicate violent felonies under ACCA." Brooks, 857 F. App'x at 160-61. As a result, Petitioner's sentence was "well below the statutory maximum of life imprisonment." Brooks, 857 F. App'x at 160-61. Therefore, the Fourth Circuit applied the waiver provision to dismiss the appeal. Brooks, 857 F. App'x at 160-61.

To the extent that Petitioner contends that he received incorrect advice from counsel regarding his ability to contest the Armed Career Criminal enhancement on appeal, the Government contends that Petitioner was not prejudiced by any such advice. With respect to the prejudice prong of Strickland, Petitioner states multiple times in his Motion that if he had known that he could not fully contest the ACCA enhancement on appeal, he would have proceeded to trial rather than pleading guilty. However, he does not explain or support this conclusory statement, and the record reveals that proceeding in that fashion would not have been a rational choice in this case. As stated in the Factual Basis [Doc. #2] supporting Petitioner's guilty plea, when officers executed a search warrant on a residence in Winston-Salem, North Carolina, five occupants fled. (Factual Basis at 2.) One was Petitioner, who was apprehended outside, placed in handcuffs, and searched. (Id.) A backpack that he wore contained a stolen firearm and quantities of heroin and methamphetamine. (Id.) Petitioner also had the prior felony convictions that led to the ACCA enhancement. (Id. at 3.)

The evidence contained in the backpack Petitioner wore led to the drug and firearm charges in 1:18CR491 and this case. It would also have almost certainly led to Petitioner's reindictment on and conviction of all of those charges if he had proceeded to trial. Petitioner

6

does not even put forth a theory as to how he could have prevailed at trial. Rather, it appears that his interest in proceeding to trial would have been to continue to challenge the ACCA enhancement. However, this ignores the fact that his convictions could have led to an even higher sentence based on the other charges had he proceeded to trial. He would have received the same enhanced sentence on his felon in possession charge and a minimum consecutive five years of imprisonment for the charge of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). He also faced a significant sentence for the drug charges. (Atty Aff., Attach. 1, Ex. A1.)

Further, Petitioner had no realistic prospect of prevailing on appeal to contest the ACCA enhancement. This latter point is clear because, as stated by the Fourth Circuit in denying Petitioner's appeal, the argument was foreclosed by binding precedent. In its decision, the Fourth Circuit noted that under Mungro and Dodge, defendant's North Carolina convictions for breaking and/or entering constituted predicate violent felonies under ACCA, and Petitioner was therefore subject to the ACCA enhancement and was subject to a statutory maximum of life imprisonment. Brooks, 857 F. App'x at 160-61. Further, Petitioner's attorney subsequently raised the same argument in another case on direct appeal, only to have it summarily rejected for exactly that reason. See United States v. Baxter, No. 22-4639, 2024 WL 65426 (4th Cir. Jan 5, 2024) (unpublished). Petitioner gives no explanation why it would be rational to reject a plea and face a higher sentence in order to raise a meritless argument on direct appeal. Further, the record also reveals that Petitioner's willingness to plead guilty also allowed him to attempt to reduce his sentence through cooperation with the Government. (Atty Aff., Attach. 1, Ex. A6.) Although this attempt did not ultimately bear fruit, it was more

7

promising and rational than proceeding to trial in the circumstances presented by this case. For all of these reasons, Petitioner cannot establish the prejudice prong of his first, third, and fourth claims for relief and they should be denied.

Petitioner's second claim for relief is similar to, but slightly different from, his other three claims. In the second claim, he alleges that counsel erroneously failed to advise him that breaking or entering convictions in North Carolina were broader than generic burglary and would not qualify as predicates for an ACCA enhancement. However, the binding Fourth Circuit precedent cited above establishes that North Carolina breaking and/or entering convictions <u>do</u> qualify as ACCA predicates. Counsel did not perform deficiently by providing correct advice on this point and could not have prejudiced Petitioner. Petitioner fails to establish either prong of <u>Strickland</u> as to this claim and it should also be denied.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion [Doc. #22] to vacate, set aside or correct sentence be denied, and that, there being no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability not issue.

This, the 15th day of August, 2025.

/s/ Joi Elizabeth Peake
Joi Elizabeth Peake
United States Magistrate Judge